UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| NICHOLE TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) No. 18-1151-JDT-cgc |
| | ) |
| MADISON COUNTY, ET AL., | ) |
| | ) |
| Defendants. | ) |

ORDER DISMISSING COMPLAINT, GRANTING LEAVE TO AMEND
AND DENYING MOTION FOR DISCOVERY (ECF No. 7)

On August 10, 2018, Plaintiff Nichole Turner, who is currently in custody at the Obion County Jail in Union City, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The complaint concerns Turner's previous incarceration at the Madison County Criminal Justice Complex in Jackson, Tennessee. The Court issued an order on August 13, 2018, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Clerk shall record the Defendants as the Madison County Criminal Justice Complex (CJC), Correctional Officer (C/O) First Name Unknown (FNU) Mayberry, C/O FNU Scheupp, and C/O FNU Summer.

Turner's entire allegations are as follows:

1. On April 20 at apox [sic] 8:30 am Off. Mayberry opened up booking Cell door and violated my Eighth Amendment Rights by not following institutional procedure placing his hands on me pulling me into the Cell and assulting [sic] me.

> 2. On April 21 at apox [sic] 5:00am in unit A114 Cell A115 Off. Scheupp open up my Cell door and violated my Eighth Amendment Rights by not following institutional procedure entering my Cell and maseing [sic] me.

(ECF No. 1 at PageID 2.) Turner seeks "Restitution in the amount of twenty million dollars." (*Id.* at PageID 3.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting

*Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Turner filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Turner's claims against the CJC must be treated as claims against Madison County. However, the complaint fails to state a claim against Madison County. When a § 1983 claim is made against a municipality or county, the Court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality or county is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).

A local government such as a municipality or county "cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691 (1978) (emphasis in original); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). A municipality

3

may be held responsible for a constitutional deprivation only if there is a direct causal link between a municipal policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691-92; *Deaton v. Montgomery Co., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)).

Turner does not allege that he suffered an injury because of an unconstitutional policy or custom of Madison County. He instead alleges that the individual Defendants violated his rights through their own actions.

Nor does Turner allege any action by C/O Summer. When a complaint fails to allege any action by a Defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. He therefore fails to state a claim against C/O Summer.

Turner asserts violations of his Eighth Amendment rights by C/Os Mayberry and Scheupp. The Eighth Amendment prohibits cruel and unusual punishments. *See generally Wilson v. Seiter*, 501 U.S. 294 (1991). An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *see also Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005). The subjective

component of an Eighth Amendment violation requires a prisoner to demonstrate that the official acted with the requisite intent, that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834.

Turner's allegations fail to meet either component of an Eighth Amendment claim. His bare allegations that C/O Mayberry assaulted him and that C/O Scheupp "mase[d]" him do not provide sufficient information from which the Court can discern whether Turner faced "a substantial risk of serious harm." It also is not clear whether either officer had a reason for entering Turner's cell and acting as they allegedly did. The Court therefore cannot decide whether the officers could be culpable, which would guide an analysis of the subjective component of an Eighth Amendment claim. It also is not clear whether, at the time of the alleged events, Turner was a convicted prisoner or a pretrial detainee. If he was the latter, then his claims must be analyzed under the Fourteenth Amendment's standard of objective reasonableness. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). Turner's allegations, however, are insufficient to allow the Court to perform that analysis. Regardless of the appropriate standard, Turner does not allege that he suffered any physical injury from either event. The PLRA bars prisoner suits "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e); *see Braswell v. Corr. Corp. of Am.*, 419 F. App'x 522, 626 (6th Cir. 2011). Turner therefore fails to state a claim against either officer.

To the extent Turner alleges the officers failed to follow proper jail procedure, he fails to state a claim because the violation of a jail regulation is not actionable under § 1983. *See Storm v. Swiger*, No. 4:07 CV 2387, 2007 WL 3171491, at *3 (N.D. Ohio Oct. 29, 2007) (citing *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99, 111 (1995)).

For the foregoing reasons, Turner's complaint is subject to dismissal in its entirety for failure to state a claim.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court finds that Turner should be given an opportunity to amend his complaint.

In conclusion, Turner's complaint is DISMISSED for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b(1). Leave to amend, however, is GRANTED. Any amendment must be filed within twenty-one days after the date of this order.

Turner is advised that an amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleadings. The amended complaint must be signed, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each defendant sued in that count. If

Turner fails to file an amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

Turner also has moved for the production of incident reports, videotapes, documents, and records. (ECF No. 7.) Because his complaint is still in the screening phase and the Court has not yet directed that any Defendant should be served with process, Turner's discovery motion is premature. The motion is therefore DENIED without prejudice to refiling, if necessary, at a later, appropriate time.

IT IS SO ORDERED.

                                             s/ **James D. Todd**
                                             JAMES D. TODD
                                             UNITED STATES DISTRICT JUDGE