UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| NICHOLE TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) No. 18-1151-JDT-cgc |
| | ) |
| MADISON COUNTY, ET AL., | ) |
| | ) |
| Defendants. | ) |

ORDER DENYING AS MOOT MOTION FOR EXTENSION OF TIME (ECF No. 11),
DIRECTING CLERK TO MODIFY THE DOCKET, PARTIALLY DISMISSING
AMENDED COMPLAINT AND DIRECTING THAT PROCESS BE ISSUED
AND SERVED ON DEFENDANT MAYBERRY

On June 5, 2019, the Court dismissed the *pro se* complaint filed by Plaintiff Nichole Turner and granted him leave to amend. (ECF No. 10.) Turner timely filed an amended complaint.[1] (ECF No. 12.) He names as Defendants only Officer First Name Unknown (FNU) Mayberry and the Madison County Criminal Justice Complex (CJC). The Clerk is DIRECTED to terminate the other Defendants from the docket.

Turner alleges that on April 20, 2018, while he was a pretrial detainee at the CJC, Officer Mayberry asked him to step out of his holding cell. (ECF No. 12 at PageID 36.) The officer allegedly told Turner "he was sick of my attitude and grabbed my arm." (*Id.*)

---

[1] Turner moved for an extension of time, (ECF No. 11), but filed his amended complaint before the Court ruled on the motion. The motion is therefore DENIED as moot.

Turner told Mayberry "to take his hands off me." (*Id.*) Mayberry instead allegedly forced Turner into a holding cell, punched him in the face, and slammed him on the ground, breaking his left hand. (*Id.*) Other unnamed officers allegedly "mased and tased on [Turner's] face, back." (*Id.*) Turner was placed in isolation the next day. (*Id.*) He alleges that he sent several medical requests over the following days for treatment of his hand, which was swollen and causing him pain. (*Id.*) Turner received an x-ray of his hand on May 15, 2018, which showed a fracture. (*Id.*) He alleges that he sent grievances about his ongoing pain and received a response but never received any further treatment for his injury. (*Id.*) Turner seeks damages from each Defendant. (*Id.* at PageID 36-37.)

The legal standards for assessing the claims in an inmate's complaint were set forth in the prior order of dismissal, (ECF No. 10 at PageID 28-29), and will not be reiterated here.

Turner does not specify the capacity in which he seeks to sue the Defendants. Turner's claims against the CJC are construed as against Madison County. To the extent he seeks to bring an official-capacity claim against Officer Mayberry, that claim also is construed as against Madison County. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 68 (1989)). However, as with his initial complaint, Turner does not allege that that he suffered an injury because of an unconstitutional policy or custom of Madison County. Therefore, for the same reasons discussed in the previous order, he fails to state a claim against Madison County or Officer Mayberry in his official capacity. (ECF No. 10 at PageID 29-30.)

Turner's allegations against Office Mayberry in his individual capacity amount to a claim of excessive force. Turner clarifies in his amended complaint that he was a pretrial detainee at the time of the alleged events. His claim is therefore analyzed under the Fourteenth Amendment's standard of objective reasonableness, which "turns on the 'facts and circumstances of each particular case.'" *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). Under an objective reasonableness inquiry, "the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989) (citations omitted). The proper application of this standard requires consideration of the following factors:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Kingsley*, 135 S. Ct. at 2473. This list is not exhaustive but illustrates some of the "objective circumstances potentially relevant to a determination of excessive force." *Id.*

Turner alleges that Officer Mayberry forced him into a cell, punched him, and slammed him into the ground because "he was sick of [Turner's] attitude." Turner alleges that he told Mayberry "to take his hands off me" but did not resist or physically react to the officer's actions. Turner does not specify whether he was handcuffed or physically restrained, but his allegations do not suggest he was posing a threat or security problem at the time: Turner was in a holding cell, and Officer Mayberry allegedly acted because of "attitude" Turner previously had shown. The facts as alleged suggest Officer Mayberry's

3

use of force was needless and therefore not objectively reasonable. *See Morabito v. Holmes*, 628 F. App'x 353, 358 (6th Cir. 2015) (concluding that the actions of an officer who entered non-threatening detainee's cell "out of frustration with his repeated verbal outbursts and demands for medical treatment," slapped him, tased him, and punched him were not objectively reasonable). Accordingly, Turner has stated a claim of excessive force against Officer Mayberry, and this claim may proceed.

Turner's allegation that he was denied medical treatment for his fractured hand amounts to a claim of deliberate indifference. "The Eighth Amendment's prohibition on cruel and unusual punishment generally provides the basis to assert a § 1983 claim of deliberate indifference to serious medical needs, but where that claim is asserted on behalf of a pre-trial detainee, the Due Process Clause of the Fourteenth Amendment is the proper starting point." *Winkler v. Madison Cnty.*, 893 F.3d 877, 890 (6th Cir. 2018) (quoting *Phillips v. Roane Cnty.*, 534 F.3d 531, 539 (6th Cir. 2008)). Like an Eighth Amendment claim, a Fourteenth Amendment claim of deliberate indifference has both an objective and a subjective component. *Id.* To satisfy the objective component, "the detainee must demonstrate the existence of a sufficiently serious medical need." *Id.* (quoting *Spears v. Ruth*, 589 F.3d 249, 254 (6th Cir. 2009)). "For the subjective component, the detainee must demonstrate that the defendant possessed a sufficiently culpable state of mind in denying medical care." *Id.* at 891 (quoting *Spears*, 589 F.3d at 254). A defendant has a sufficiently culpable state of mind if he "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Assuming Turner's hand injury was a sufficiently serious medical need, he fails to state a claim because he does not satisfy the subjective component.  Turner alleges only generally that he filed grievances but never received treatment for his pain.  He does not allege that any named Defendant knew of yet disregarded his condition.

In conclusion, the Court DISMISSES Turner's claims against the Madison County Criminal Justice Complex and his official-capacity claim against Officer Mayberry for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  Turner's excessive force claim against Officer Mayberry in his individual capacity may proceed.

It is ORDERED that the Clerk shall issue process for Defendant Mayberry and deliver that process to the U.S. Marshal for service. Service shall be made on Defendant Mayberry pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10) by registered or certified mail or personally if mail service is not effective.  All costs of service shall by advanced by the United States.

It is further ORDERED that Turner shall serve a copy of every subsequent document he files in this case on the attorneys for Defendant Mayberry or on Defendant Mayberry if he is unrepresented.  Turner shall make a certificate of service on every document he files. Turner shall familiarize himself with the Federal Rules of Civil Procedure and this Court's Local Rules.[2]

---

[2] A copy of the Local Rules may be obtained from the Clerk or on the Court's website at https://www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.

Turner is reminded that he must promptly notify the Clerk of any change of address or extended absence. Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

                                           s/ **James D. Todd**
                                           JAMES D. TODD
                                           UNITED STATES DISTRICT JUDGE