UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLE TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 18-1151-JDT-cgc |
| | ) | |
| MADISON COUNTY, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL,
GRANTING MOTIONS TO COMPEL AND TO EXTEND DISCOVERY DEADLINE,
AND ALLOWING ADDITIONAL TIME TO RESPOND TO SUMMARY JUDGMENT

The *pro se* prisoner Plaintiff, Nichole Turner, has filed a motion for appointment of counsel. (ECF No. 34.) He asserts that the Federal Correctional Institution in Memphis, Tennessee, where he is housed, will not allow him to receive the discovery mailed to him by the Defendant, telling him it is a security hazard. (*Id.* at PageID 93.) Turner also states he is not permitted to go to the law library. (*Id.*)

Pursuant to 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." However, "[t]he appointment of counsel in a civil proceeding is not a constitutional right." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[T]he plaintiffs were not entitled to have counsel appointed because this is a civil lawsuit."); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (no constitutional right to counsel in a civil

case); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993) ("There is no constitutional or . . . statutory right to counsel in federal civil cases . . . ."). Appointment of counsel is "a privilege that is justified only by exceptional circumstances." *Lavado*, 992 F.2d at 606 (internal quotation marks and citation omitted).

"In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved." *Id.* at 606 (internal quotation marks and citations omitted). Appointment of counsel is not appropriate when a *pro se* litigant's claims are frivolous or when his chances of success are extremely slim. *Id.* (citing *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985)); *see also Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (same). "[I]n contrast to criminal defendants, civil litigants unable to afford counsel cannot ordinarily" have counsel appointed unless "there is a risk of loss of liberty, as in mental commitment or juvenile delinquency proceedings." *Iannaccone v. Law*, 142 F.3d 553, 556 (2d Cir. 1998), *cited in Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002).

Notwithstanding the assertions in his motion to appoint counsel, later filings in this matter make it clear that Turner has been able to receive discovery from the Defendant. He also has shown himself capable of litigating this case on his own even if he does not have unlimited access to the prison law library. Turner therefore has not satisfied his burden of demonstrating that the Court should exercise its discretion to appoint counsel, and his motion for appointment of counsel is DENIED.

Turner also has filed a motion to compel discovery.  (ECF No. 35.)  Defendant filed a response to Turner's motion, (ECF No. 37), and Turner filed a reply.  (ECF No. 38.)  Turner then filed a motion to extend the discovery deadline.  (ECF No. 42.)  Defendant responded to that motion as well, (ECF No. 44), and Turner again filed a reply.  (ECF No. 45.)

Turner asserts in his motion to compel discovery that the Defendant has failed to respond adequately to his request to produce video footage of the incident on April 20, 2018, which is the subject of this case.  (ECF 35 at PageID 105.)  Defendant responded to the initial request for the video by stating he possessed no such video footage of the incident in question.  (*Id.*)  Nevertheless, Turner argues that video footage of the incident must exist because there are cameras monitoring that area of the CJC at all times.  (*Id.* at 106.)  The Defendant responds to Turner's motion by again stating he has no video of the incident in his possession and that Turner's assumption that the altercation was caught on camera is insufficient to establish otherwise.  (ECF No. 37 at PageID 115-16.)

Turner counters by asserting he was told by Defendant's counsel that he should not contact any representative of the Madison County Sheriff's Office (MCSO); instead, all such contact should be made through Defendant's counsel.  (ECF No. 35 at PageID 106; ECF No. 38 at PageID 119; ECF No. 45 at PageID 152.)  Turner therefore contends that "production of the video footage falls on the defense."  (ECF No. 35 at PageID 106.)  Defendant has not responded at all to this statement.

By stating he has no video footage *in his possession* and then advising Turner not to contact anyone with the MCSO, it appears that Defendant is deliberately making it

difficult for Turner to even determine whether any such footage exists.[1]  The motion to compel is therefore GRANTED.

Within 14 days after the date of this order, Defendant is ORDERED to either produce the video footage of the April 20, 2018, incident at the CJC involving Turner and Defendant Mayberry or to state unequivocally that no such video exists.  Defendant's response shall be filed with the Court.  Turner's motion to extend the discovery deadline is also GRANTED for the limited purpose of allowing compliance with this order; the discovery deadline is extended through November 30, 2020.

If Defendant affirms there is no video to be produced, the Court will consider the motion for summary judgment ripe for disposition.  However, if video footage is produced, Turner is allowed 21 days after that production to file a supplemental response to the Defendant's motion for summary judgment if he so chooses.  Defendant shall have 10 days thereafter in which to file a supplemental reply.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Turner was provided with at least a portion of his own medical records as part of discovery.  (ECF No. 41-1; ECF No. 46 at PageID 156.)  Defendant Mayberry surely did not have Turner's medical records in his possession; those records would have come either from the MCSO or from the medical provider for the CJC.