```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

| | |
|---|---|
| NICHOLE TURNER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| ) | |
| v. ) | No. 18-cv-1151 |
| ) | |
| C/O FNU MAYBERRY, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**ORDER GRANTING SUMMARY JUDGMENT**

This is an excessive force case. Pro se Plaintiff Nichole Turner filed his complaint pursuant to 42 U.S.C. § 1983. (ECF No. 12.) Before the Court is Defendant Michael Mayberry's Motion for Summary Judgment. (the "Motion.") (ECF No. 47.) For the following reasons, the Motion is GRANTED.

**I.  Background**

The following facts are undisputed.

The case arises from an incident between Turner and Officer Mayberry while Turner was a pretrial detainee at the Madison County Criminal Justice Complex ("MCCJC.") (ECF No. 12.) Turner and Mayberry started to fight as Mayberry was escorting Turner to the showers. Turner alleges that Mayberry

punched him in the face and slammed him on the ground, breaking his left hand. (Id.)

On June 20, 2019, Tuner filed an Amended Complaint alleging Eighth and Fourteenth Amendment violations by Mayberry and Madison County. (Id.) On October 17, 2019, the Court screened the Amended Complaint and dismissed Turner's Eighth Amendment claims and his claims against Madison County. (ECF No. 13.) Turner claims that Mayberry used excessive force in violation of the Fourteenth Amendment. On September 18, 2020, Mayberry moved for summary judgment, arguing that he is shielded by qualified immunity. (ECF No. 47.) Turner opposed the Motion on September 30, 2020. (ECF No. 48.)

## II. Standard of Review

Under Federal Rule of Civil Procedure 56, a court shall grant a party's motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The burden of demonstrating the absence of a genuine dispute of material fact first rests with the moving party." George v. Youngstown St. Univ., 966 F.3d 446, 458 (6th Cir. 2020) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party can meet this burden by showing the Court that the nonmoving party, having had sufficient opportunity

for discovery, has no evidence to support an essential element of his case. Id. (citing Celotex, 477 U.S. at 322-23).

When confronted with a properly-supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine dispute for trial. See Fed. R. Civ. P. 56(c). "A genuine dispute exists when the plaintiff presents significant probative evidence on which a reasonable jury could return a verdict for her." EEOC v. Ford Motor Co., 782 F.3d 753, 760 (6th Cir. 2015) (quotation marks omitted). The nonmoving party must do more than simply "show that there is some metaphysical doubt as to the material facts." Adcor Indus., Inc. v. Bevcorp, LLC, 252 F. App'x 55, 61 (6th Cir. 2007) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). When evaluating a motion for summary judgment, a court must view the evidence in the light most favorable to the party opposing the motion. George, 966 F.3d at 458 (citing Matsushita, 475 U.S. at 587).

A party may not oppose a properly supported summary judgment motion by mere reliance on the pleadings. See Beckett v. Ford, 384 F. App'x 435, 443 (6th Cir. 2010) (citing Celotex Corp., 477 U.S. at 324). Instead, the nonmoving party must adduce concrete evidence on which a reasonable juror could return a verdict in his favor. Stalbosky v. Belew, 205 F.3d 890, 895 (6th Cir. 2000); see Fed. R. Civ. P. 56(c)(1). The Court does not have

3

the duty to search the record for such evidence.  See Fed. R. Civ. P. 56(c)(3); InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989).

Although summary judgment must be used carefully, it "is an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action[,] rather than a disfavored procedural shortcut." FDIC v. Jeff Miller Stables, 573 F.3d 289, 294 (6th Cir. 2009) (quotation marks and citations omitted).

**III. Analysis**

    **A.**    **Qualified Immunity**

"[O]fficers are entitled to qualified immunity under § 1983 unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time." District of Columbia v. Wesby, 138 S. Ct. 577, 589 (2018).  The Court may conduct the two-party inquiry in either order. Crawford v. Tilley, 15 F.4th 752, 760 (6th Cir. 2021) (citing Pearson v. Callahan 555 U.S. 223, 236 (2009)).  If one element is lacking, the Court need not address the other.  Id.  "Although a defendant ordinarily bears the burden of proof for an affirmative defense, a plaintiff bears the burden of overcoming qualified immunity." Id.

B. **Federal Constitutional Right**

Turner must show that Mayberry violated a federal constitutional right. Turner alleges the use of excessive force. Because the incident occurred while Turner was a pretrial detainee, he must show that Mayberry "purposely or knowingly used" force against him that was "objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 389, 396-97 (2015). Whether force was objectively unreasonable turns on the "facts and circumstances of each case." Graham v. Connor, 490 U.S 386, 396 (1989). "This totality-of-the-circumstances analysis hinges on the 'perspective of a reasonable officer on the scene' and must account for the government's interests in prison management among other nonexhaustive considerations." Hale v. Boyle Cnty., 18 F.4th 845, 852 (6th Cir. 2021) (quoting Kingsley, 576 U.S. at 398).

When assessing the reasonableness of the force, courts evaluate factors including:

> "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting."

Kingsley, 576 U.S. at 397.

Mayberry has offered evidence that Turner became hostile and uncooperative as Mayberry was escorting Turner

5

to the shower room. (ECF No. 47-1.) When Mayberry tried to grab Turner to continue the escort, Turner struck Mayberry. (Id.) In response, Mayberry used open hand control techniques and hard impact techniques on Turner. (Id.) Turner continued to struggle, and more officers were called to the area. (Id.) Deputy Sheriff Roy Elder then drive stunned Turner. (Id.) Turner continued to resist until Elder tased him. (Id.)

Turner does not contest Mayberry's statement of undisputed facts. (See ECF No. 48.) Turner's only evidence is an incident report filed by Officer Vanessa Stowe, who witnessed the fight. (ECF No. 48-1.) Her report corroborates Mayberry's evidence. Turner was hostile and uncooperative as Mayberry tried to escort him to the shower room. (Id.) Other officers had to help Mayberry as he struggled with Turner. (Id.) Turner had to be drive stunned and tased before he stopped resisting. (Id.) Turner has not provided any evidence of his injuries.

The undisputed facts show that Turner actively resisted Mayberry's commands and created a security problem at the MCCJC. Mayberry's use of open hand control techniques and hard impact techniques was objectively reasonable given the circumstances. He did not use excessive force against Turner.

6

Because Mayberry did not violate Turner's federal constitutional right, Mayberry is shielded by qualified immunity.

**IV. Conclusion**

For the foregoing reasons, Mayberry's Motion for Summary Judgment is GRANTED.

SO ORDERED this 4th day of March, 2022.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

7